# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00004-RJC-DSC

| | |
|---|---|
| MARTHA MAE JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY , ) <br> ) <br> Defendant. ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and submissions.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on January 8, 2021. The Administrative Law Judge found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's testimony. (Tr. 14-23).

Local Civil Rule 7.2(b) states the requirements for a Social Security plaintiff's memorandum of law. LCvR 7.2(b)(4) requires that the memorandum include a "fourth section … [which] must succinctly list the issues presented for review, <u>separately identifying and enumerating each alleged error of the ALJ</u>." (emphasis added). This section precedes the fifth section of the memorandum entitled "Argument." LCvr 7.2(b)(5).

Plaintiff's "Memorandum of Law…" (document #11-1) enumerates two assignments of error:

> IV. ISSUED [sic] PRESENTED
> A. Does the ALJ's Decision Demonstrate an Accurate and Logical Bridge between the Evidence and her Conclusions?
> B. Does the Testimony of the VE Constitute Substantial Evidence?

<u>Id.</u> at 3-4. The Court will treat the first assignment of error as a challenge to the ALJ's formulation of Plaintiff's Residual Functional Capacity ("RFC").[1] In the second assignment of error, Plaintiff argues that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the <u>Dictionary of Occupational Titles</u> ("<u>DOT</u>").

## II. <u>STANDARD OF REVIEW</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff was disabled[2] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The Court finds that the RFC determination here is supported by substantial evidence including Plaintiff's testimony, activities of daily living, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)). The ALJ applied the proper legal standards for evaluating Plaintiff's RFC including a recent amendment to regulations governing medical opinions.[3] (Tr. 12-17).

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT.

The ALJ gave the V.E a hypothetical that included the following restrictions:

> [T]he claimant has the residual functional capacity to perform a range of light work as described in 20 CFR 967(b). [She can] lift and carry 20 pounds occasionally and 10 pounds frequently. Stand/walk up to 6 hours in 8-hour day. Sit up to 6 hours in an 8-hour day. She requires the option to alternate between sitting for 30 minutes and standing for 30 minutes throughout the day. She is limited to occasional climbing, balancing, stooping, crouching, kneeling and crawling. She must avoid concentrated exposure to dust, odors, fumes, and other pulmonary irritants. She must avoid working at unprotected heights and around dangerous machinery.

---

[3] For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors including (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in evaluating the persuasiveness of a medical source's opinion. The Commissioner is not required to explain consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

(Tr 13-14, 61). In response, the V.E. identified three light jobs Plaintiff could perform including laundry folder with 445,000 jobs available in the national economy. (Tr. 62). The ALJ asked the V.E if her testimony was consistent with the DOT. (Tr. 17-18, 61, 63). She replied in the affirmative. Id. The V.E. stated that her testimony concerning absences and a sit/stand option were not from the DOT but were based on her experience. (Tr. 63). She also testified that the numbers of jobs available were unaffected by the COVID-19 pandemic. (Tr. 63-64). The ALJ found that the V.E.'s testimony was consistent with the DOT. (Tr. 23).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that the ALJ failed to define "dangerous machinery," thereby creating an apparent conflict with the DOT. The DOT definition for laundry folder, DOT 369 687-018, does not require work with dangerous machinery. Plaintiff also challenges the ALJ's treatment of the

sit/stand option, which she resolved based upon the V.E.'s experience rather than the DOT. Accordingly, this assignment of error must be overruled as well.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: December 13, 2021

_____
David S. Cayer
United States Magistrate Judge